**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**ASHLEY WALKER** **PLAINTIFF**

**V.** **CAUSE NUMBER: 1:26-cv-00203-JDM-DAS**

**KIA FINANCE AMERICA, et al.** **DEFENDANTS**

**ORDER DENYING MOTION FOR**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Before the Court is pro se Plaintiff Ashley Walker's Motion for Temporary Restraining Order (TRO) and Preliminary Injunction. [4] Walker financed a 2027 Kia Telluride which has already been repossessed. She seeks to prevent the defendants—who have not been served in this action—from selling the vehicle. Because Walker has not established she is entitled to a TRO or an injunction, her motion is **DENIED**.

TROs "are disfavored and seldom granted." *Merzaki v. Oktibbeha Cnty.*, No. 1:26-cv-49-GHD-DAS, 2026 WL 1011241, at *1 (N.D. Miss Apr. 14, 2026). To be entitled to a TRO, a party must prove: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). And a party must prove the same four requirements before the Court may issue the extraordinary remedy of a preliminary injunction. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

"Without question, the irreparable harm element must be satisfied by independent proof,

or no injunction may issue." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). Irreparable harm is "'harm for which there is no adequate remedy at law.'" *Louisiana v. Biden*, 55 F.4th 1017, 1033-34 (5th Cir. 2022) (quoting *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 597, 585 (5th Cir. 2013)). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). In other words, if an injury can be remedied by compensating the plaintiff down the line, then it is not irreparable.

Walker has not demonstrated that losing the Telluride is an irreparable injury. She made no showing that money damages would be an inadequate remedy if her claims ultimately succeed. Walker only points to the transportation difficulty she has without a vehicle. Though losing a vehicle may create a hardship, it is not such a hardship for the drastic remedy she seeks in her motion. Because Walker has not demonstrated an irreparable injury, she is not entitled to a TRO or preliminary injunction.

For these reasons, Walker's Motion for Temporary Restraining Order and Preliminary Injunction [4] is **DENIED**.

**SO ORDERED**, this the 29th day of September, 2026.

/s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI