**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**ASHLEY WALKER** **PLAINTIFF**

**V.** **CAUSE NUMBER: 1:26-cv-00203-JDM-DAS**

**KIA FINANCE AMERICA, et al.** **DEFENDANTS**

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is pro se Plaintiff Ashley Walker's Motion for Reconsideration. [10] The Court previously denied Walker's motion for a temporary restraining order (TRO) and preliminary injunction. [6] That's because Walker did not show that the sale of her repossessed 2027 Kia Telluride would be an irreparable injury. On reconsideration, Walker has still not established she is entitled to a TRO or an injunction. Therefore, her motion is **DENIED**.

The Court reiterates that TROs "are disfavored and seldom granted." *Merzaki v. Oktibbeha Cnty.*, No. 1:26-cv-49-GHD-DAS, 2026 WL 1011241, at *1 (N.D. Miss Apr. 14, 2026). And without proving "a substantial threat of irreparable injury if the injunction is not issued," a plaintiff cannot obtain a TRO or preliminary injunction. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). An irreparable injury is one where relief in the ordinary course of litigation—such as money damages—would not adequately compensate the plaintiff. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974).

Walker attempts to demonstrate an irreparable injury by showing the financial hardship caused by not having a vehicle. She relies on lost business and difficulty transporting her children without a car of her own. But lost earnings do not support a finding of irreparable injury sufficient for temporary injunctive relief. *Id.* at 89. And Walker wants the Court to prevent the sale of her

*already repossessed* Telluride. Her hardship evidence does not demonstrate how the Telluride's sale is irreparable or how money damages could not later compensate her.

While Walker also requests temporary return of the vehicle, she fails to demonstrate that losing the Telluride itself is not compensable with money damages. Nor could she do so. That's because there is nothing unique about a brand new, mass-market vehicle that would make its loss irreparable. Should Walker's case ultimately succeed, money damages are an adequate remedy for both the initial loss and subsequent sale of the 2027 Telluride.

The Court understands the disruption created by losing a vehicle. But without demonstrating an irreparable injury, Walker is not entitled to injunctive relief. *See Lampkin v. Autosavvy of San Antonio LLC*, No. 1:26-cv-02227, 2026 WL 2414755, at *1 (W.D. Tex. Aug. 14, 2026) (denying TRO on the basis that losing a vehicle is not an irreparable harm); *see also Kowalko v. Philadelphia Fed. Credit Union*, No. CV 24-4918-KSM, 2024 WL 5656314, at *1 (E.D. Pa. Oct. 31, 2024) (noting that although "the possible loss of [a] car could cost [ ] time, money, and energy, such inquiries are not enough to call for the drastic remedy of a preliminary injunction").

For these reasons, Walker's Motion for Reconsideration [10] is **DENIED**.

**SO ORDERED**, this the 5th day of October, 2026.

/s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI